Chief Justice Pibb
delivered the opinion of the Court.
Edward Roberts Sold to the Tennells, a tract of land, and to assure the title, assigned to them a bond, executed on the 20th April, 1814, by James Howard to William Roberts the father, tb «lake him a deed to a part of 100 acres of land, as soon as said Howard obtained a deed for the 100 acres, from Price’s heirs, by virtue of a bond put into Howard’s bands by said William Roberts; Ííoward having-bought a part of the 1GÓ acres of said William.
He also assigned a hond, executed by William Roberts to Bailey Allison, bearing date 31st August. 1813.
Both these bonds were assigned to the Tennells, by Edward Roberts, on the 19th January, 1820.
In April, 1821, the Tennells exhibited their bill to re scind the contract, and for an injunction against a judgment at law obtained by Barnes, the assignee of one of the notes for fifty dollars-, part of the purchase money.
The complainants are entitled to have the contract rescinded, because the bonds so assigned by Edward Roberts to the Tennells, are not assurances for the tract of land sold to them.
*578 Edward Roberts was not entitled to the bond from Howard to William Roberts, at the time of the assignment of that bond to the Tennells: William Roberts, the obligee was dead, leaving eleven children, Edward was neither executor, nor administrator, nor devisee, and entitled to have only a child’s part of the land. To obviate thus defect, Edward in his first answer said, that although, he held no assignment or other claim directly for the whole of the bond from Howard to his father, William Roberts, yet he conceived that by virtue of his father’s bond to Allison and Allison’s assignment, he was in equity entitled to the whole. But this cannot avail;Price’s bond alluded to, does not cover the land sold to the Tennells. The proof shews the fact; to he so, and in the answer of Edward Roberts to the amended bill, be shifts bis ground of defence, and says, if Price’s bond to Howard does not call for the land, so that Howard cannot get the title, yet Howard will be responsible for dama-ages. This is not (rue; for Howard is bound to convey part of the 100 acres, when be obtains the title from Price’s heirs. He has not been able to do so, for it appears, the bond of Price was executed to Cherry, and without any assignment to Roberts, or to Howard, it was passed by delivery only to Howard, and that bond does not include the land sold to-'complainants.
By an amended bill and the proofs, it appears that., since the original bill was filed, Price’s heirs have recovered in ejectment, against the Tennells, and also that Edward Roberts has instituted an ejectment against the complainants, his vendees, and actually recovered the possession, and was reinstated in possession before the hearing of the cause. In fine, it appears, that Edward Roberts first sold the land to Allison; Allison finding himself in difficulty for want of title, rescinded his contract with Edward Roberts, and gave up the bond from William Roberts, which had been executed to Allison, instead of to Edward himself; this bond Allison passed by delivery only to Edward Roberts, and the pretended assignment front Allison to Edward Roberts has been procured, and bears date in 1822, long since the assignment by Ed-> ward Roberts to the Tennells and pending this suit.
To dismiss well grounded bill, for re-cisión of contract, unless compl’nt. pay $58 rents and profits, thereby leaving him subject tu pay $300; the purchase money, is too severe penalty, and unreasonable.
'Under the circumstances of unfairness, prevarica-tiou and double dealing, practised by Edward Roberts, connected with the facts, that pending this bill, defendant, Roberts,had actually evicted the complainants, and regained the possession before the hearing of the cause, the court ought to have rescinded the contract, and perpetuated the injunction.
In doing so, the decree was right. Rut in so far as the decree has made that depend upon the condition, that complainants pay to Barnes, the balance of rents and profits as assessed and reported by the commissioner, and unless they do, their bill shall stand dismissed j it is unwarranted by the principles and usages recognized by courts of equity. To inflict such a penalty, to dismiss a well grounded complaint and prayer for relief against unfair practico, and deceit and 'want of title in the vendor, unless the complainants shall pay $59 80 cents, for rents and profits, thereby" leaving them without remedy as to the contract, and subjected to pay the purchase money amounting to $300, is unreasonable and contrary to usage, even if that balance of $59 80 cents, had been properly struck.
~ Upon the coming in of the report of the commissioner as to rents and improvements, &c., each party took exceptions to the report. The complainants, because the charges were incorrect. The defendant, because the commissioner had not allowed, rent at the rate of $25 per year. This exception of the defendant is founded upon this. In answer to the amended bill charging the total defect of title, and the recovery in ejectments, by Price’s heirs, and by Roberts, the defendant, Roberts, totally departs from his first answer, and alleges, that the contract was conditional, that the Tennell’s were to pay punctually the note for $100, and if they did not, thgy were to lose the other part of the price for which -they' had exe-ecuted their notes, give up the obligations for the title to the land, which had been assigned to them, and pay rents, and that the condition had not been complied' with by the complainants. The defendant does prove by one witness, that the obligations assigned by Roberts to the Tennells, were deposited with Watson, to be delivered to complainants,in case they paid the note-for $>100, and that the complainants produced that *580 note, and obtained tlje assigned obligations, and that, if the complainants did not pay the $100, they were, to pay rent at $25 per year. As to this, it is sufficient to remark, that whether the contract was absolute or conditional, it was procured by deceit, and by assuming an authority, to assign Howard’s bond, which was false and fraudulent.
if vendor has, practised fraud on ven-dee, recovered back land by ejectment, and is proceeding, at law, to recover rents and profits, chancellor will not, on set: scinding contract, compel ac~ rents and pro-, fits. For, made to account twice k^fit^ofbe ¿jriven’again into equity
*580 It is unnecessary to go into the exceptions to this report in detail, nor to consider this extraordinary and contradictory defence set up by Roberts. Barnes makes his answer in nature of a cross bill against the Tennells; praying to stand in place of Roberts, and to have a decree in his favour for the rents, and profits, &c. or so much as will be sufficient to satisfy the note of $50, and interest, &c. assigned to him by Roberts. George Tennell in responding to this, resists the whole claim, denies his responsibility for rents to Roberts; he alleges that Roberts has distressed and that he has issued a writ of replevin, which controversy is pending; he relies also, that the remedy sought at law by Roberts,is a sufficient bar to the claim set up by Barnes.
As Roberts would not await the decision of this cause, nor abide the powers of the court of equity, to restore the possession to him if proper; and to decree an account of rents and profits, &c., but resorted to his ejectment, pending this bill, and actually-obtained the possession, and disireined for rent; and it appears,moreover, that Roberts has no title, and that Pricers heirs, had also judgment in ejectment against the Tennells. These circumstances combined, seem to 'require a departure from the ordinary-course of equity, upon rescinding a contract. If Price’s heirs, or Roberts should reco.ver against the Ten-nels, for the rents and charges now asked, to be decreed against them as former occupants of the land, and they should also be decreed in this cause, then the Tennells would be driven into equity, again, to seek relief, or submit to be twice charged.
When the actual fraud practised by Roberts, on the Tennells is considered, united with the extraordinary circumstances of Roberts’ defences, his proceeding at law by ejectment, and the ejectment bj *581 Price’s heirs, it seems not proper to charge the complainants, with the renta and profits, for and during their occupancy.
Bréele, for plaintiffs; Turner, for defendants.
It is therefore, ordered and decreed, that the decree of the circuit court, be annulled and set aside; that the case he remanded with directions to enter a decree rescinding the contract, perpetuating the injunction against the judgment at law, obtained by Barnes, assignee of Roberts, restoring to Roberts the two obligations assigned by him to the complainants, and directing the other notes for the purchase money to be delivered up by the defendant, Roberts, to be cancelled, and that the defendants pay. the complainants their costs,
The Tennells to recover costs in this court.